# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICARDO HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04 C 7432 |
| ) | Judge Joan H. Lefkow |
| JEROLD D. JONES, Star No. 344, individually ) | |
| and in his official capacity as an officer with the ) | |
| Triton College Police Department, TRITON ) | |
| COLLEGE, TRITON COLLEGE CHIEF OF ) | |
| POLICE, MICHAEL PENDOLA, in his official ) | |
| capacity as Chief of Police for Triton College ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ricardo Harris ("Harris"), filed a seven-count Amended Complaint against defendants, Triton College, Officer Jerold D. Jones ("Jones"), and Chief of Police Michael Pendola ("Pendola") of the Triton College Police Department, alleging pursuant to 42 U.S.C. § 1983 violations of his constitutional rights (counts I and III) and asserting various state law claims. Before the court is the motion of defendants Triton College and Pendola to dismiss counts I and III of the Amended Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. This court's jurisdiction is properly invoked pursuant to 28 U.S.C. §§ 1343 and 1367. For the reasons stated below, defendants' motion is granted in part and denied in part.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is

appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Harris' Amended Complaint, which is taken as true for purposes of this motion, Harris was a registered student at Triton College in River Grove, Illinois. On or about November 17, 2003, Harris was asked by his professor to leave the classroom because he purportedly spoke out of turn in class, but Harris refused.

Defendant Jones, an officer with the Triton College Police Department, arrived at the classroom shortly thereafter. The professor identified Harris to Jones, who motioned for Harris to step into the hallway outside the classroom. Harris complied with Jones' request. Jones then asked Harris for identification, and Harris replied that he did not have any identification with him. Jones ordered Harris to turn around so that he could be patted down. Harris refused to turn around, questioning the officer as to why he needed to be searched when he had done nothing wrong, was not carrying any weapons, and had not acted in an aggressive manner toward the officer. In response, Jones ordered Harris to lie down on the ground. Again, Harris refused to comply. Jones then pulled out his baton, ordering Harris to the ground and threatening to strike Harris with the baton if he refused. When Harris again refused to follow Jones' order, Jones struck Harris repeatedly with his baton, breaking Harris' right hand. Harris cried out to Jones that Jones had broken his

2

hand. Jones then forced Harris to the ground and handcuffed him.

After being placed in custody, Harris was taken to the hospital and diagnosed with a broken hand and other injuries. Defendant Pendola subsequently arrived at the hospital and questioned Harris as to why he did not comply with Jones' order to lie on the ground. Harris was ultimately charged with interference with an institution of higher education, resisting arrest, and aggravated assault. The prosecutor dismissed these charges against Harris.

In count I of the Amended Complaint, Harris alleges that each of the defendants violated his civil rights when Harris "was subjected to the use of excessive, unreasonable, and unjustified force, and subjected to great duress, all without any right or reason and without due process of law." (Am. Compl. at ¶ 16). He further alleges in count III that he was falsely arrested and unlawfully detained without legal justification. (Am. Compl. at ¶ 29). Harris asserts that the Triton College Police Department failed to investigate the incident or take any corrective measures to protect innocent citizens from the abuse inflicted by the defendant officers. (Am. Compl. at ¶ 19). Harris further claims that the misconduct described in counts I and III was undertaken pursuant to the policy and practice of Triton College, the Triton College Police Department, and Pendola. (Am. Compl. at ¶ 20, 31).

Specifically, Harris asserts that

> the Triton College Police Department and Chief Michael Pendola directly encourage . . . the very type of misconduct at issue here by following their normal practice and procedure in failing to adequately train, supervise, control and discipline Defendant Officer Jones and its other officers from committing unwanted batteries and using excessive force. . . .

(Am. Compl. at ¶ 20(a)). Harris also claims that the Triton College Police Department and Pendola failed to adequately punish and discipline prior instances of similar misconduct as a matter of policy

3

and practice. (Am. Compl. at ¶ 20(b)). This failure on the part of the Triton College Police Department and Pendola has resulted in the belief of Triton College police officers that their actions will not be scrutinized. *Id.* Moreover, officers within the police department have maintained a "code of silence" by which they fail to report the misconduct of their fellow officers. (Am. Compl. at ¶ 20(c)). This "code of silence" exists as a result of the knowledge and inaction of municipal policymakers. (Am. Compl. at ¶ 20(c)). Neither Triton College or Pendola has acted to remedy the abuses, resulting in a widespread practice of abuse of students and citizens at the hands of Triton College police officers in a manner similar to the abuse alleged by Harris. (Am. Compl. at ¶ 20(d)). Despite this widespread practice of abuse, the Triton College Police Department has found wrongdoing in a disproportionately small number of cases. (Am. Compl. at ¶ 20(e)).

## DISCUSSION

### I. Sufficiency of the Allegations Against Triton College in Counts I and III

Triton College seeks dismissal of Harris' § 1983 claims of excessive force (count I) and false arrest (count III) for failure to state a claim upon which relief may be granted. A municipality or governmental entity may be held liable under § 1983 when a deprivation of constitutional rights results from a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). Municipal liability may be demonstrated "(1) by an express policy that, when enforced, causes a constitutional deprivation; (2) by a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute custom or usage with the force of law; or (3) by a showing that the constitutional injury was caused by a person with final decision-making authority." *Franklin v. City of Evanston*, 384 F.3d 838 at 843 (7th Cir. 2004), citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704-05 (7th Cir. 1998).

4

In support of its motion to dismiss, Triton College argues that Harris failed to allege sufficient facts to state an actionable claim against Triton College for maintaining a policy, custom, or practice which caused his alleged injuries. Triton College contends that in the absence of other factual allegations of prior, similar wrongdoing or misconduct by any Triton College police officers as that alleged to have occurred on November 17, 2003, Harris is attempting to state a claim against Triton College based on nothing more than *respondeat superior*.

Triton College's argument, however, ignores the clear directive of the Seventh Circuit set forth in *McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir. 2000), regarding the liberal notice pleading requirements in § 1983 actions. In *McCormick*, the Seventh Circuit acknowledged the somewhat confusing and contradictory rulings concerning what a plaintiff in a § 1983 suit must plead in order to withstand a motion to dismiss when asserting a claim of municipal liability. *Id.* at 324, citing *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995) (to withstand a motion to dismiss in a § 1983 action, a plaintiff "need not plead facts; he can plead conclusions."); *cf. Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998) (plaintiff could not state a claim by merely asserting a "bare legal conclusion to the facts he narrates."). In light of such confusion, the Seventh Circuit reaffirmed that "plaintiffs need not allege all, or any of the facts logically entailed by the claim . . . A plaintiff does not have to plead evidence. . . .[A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *Id.* (internal quotations omitted) (citations omitted). Instead, all that is required in a pleading in order to survive a motion to dismiss is "enough to allow the court and the defendant to understand the gravaman of plaintiff's complaint." *Id.* (internal quotations omitted).

Harris' Amended Complaint satisfies the liberal notice pleading requirements of the Federal

5

Rules of Civil Procedure in asserting a claim of § 1983 liability against Triton College. The Amended Complaint alleges that the Triton College Police Department and Pendola, as a matter of policy and practice, failed to adequately train and discipline its officers for prior instances of misconduct similar to that suffered by Harris. Harris further asserts that the Triton College Police Department and municipal policymakers have allowed a code of silence to exist within the police department, despite the widespread practice of abuse of students and citizens at the hands of Triton College police officers. Harris further alleges that the Triton College Police Department has only found wrongdoing on the part of its officers in a disproportionately small number of cases. Such policies and practices have led Triton College's police officers to believe that their actions will not be scrutinized.[1] If these allegations are true, as the court assumes they are for purposes of deciding this motion to dismiss, Harris will have stated a valid claim of municipal liability against Triton College. Thus, the motion to dismiss Harris' claims against Triton College in counts I and III is denied.

## II. Sufficiency of the Allegations Against Chief Pendola in Counts I and III

Pendola similarly moves to dismiss Harris' § 1983 claims in counts I and III asserted against him in his official capacity as chief of police for Triton College. The Amended Complaint does not

---

[1] If Harris is also attempting to assert a § 1983 claim by showing that his constitutional injury was caused by a person with final policymaking authority, the Amended Complaint is deficient. The Amended Complaint fails to allege that Pendola had any policymaking authority or that Pendola was responsible for establishing department policies for the training, supervision, or discipline of Triton College police officers. *Cf. McCormick*, 230 F.3d at 324 (a complaint containing conclusions, including a "smattering of phrases like 'highest policymaking officers' and 'widespread custom'" was sufficient to withstand a motion to dismiss). The Amended Complaint also refers generically to municipal policymakers but does not identify any of the these policymakers nor does it specify that these municipal policymakers had final policymaking authority for the Triton College Police Department.

assert any claims against Pendola in his individual capacity.[2] A suit against a public official in his "official capacity" is a suit against the entity of which that official is agent. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). As a result, to the extent that Harris sues Pendola in his official capacity and Triton College, the court dismisses the official capacity claims against Pendola in counts I and III.[3]

## CONCLUSION

For the reasons set forth above, the court denies the motion to dismiss [#9] with regard to Triton College but grants the motion to dismiss with regard to Michael Pendola. Triton College has twenty-one days from the entry of this order to answer the Amended Complaint.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

DATED: April 13, 2005

---

[2] It is unclear to the court why defendants chose to argue the motion to dismiss Harris' claims against Pendola as though Pendola were sued in his individual capacity. Although a plaintiff may sue a defendant in his individual or official capacity when bringing a claim under § 1983, *see Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991), the Amended Complaint clearly states that Pendola is being sued in his official capacity only. The court declines to assume that Harris meant to sue Pendola in his individual capacity.

[3] The court finds it necessary to warn plaintiff that any future briefs must directly respond to defendants' arguments and must cite to supporting case law. Plaintiff's response to defendants' motion to dismiss was deficient in both respects. *See 330 W. Hubbard Rest. Corp. v. United States*, 203 F.3d 990, 997 (7th Cir. 2000) ("A party's failure to address or develop a claim in its opening brief constitutes a waiver of that claim, for it is not the obligation of the court to research and construct legal arguments open to parties, especially when they are represented by counsel . . . .").